UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

TIMOTHY LAMAR HOUSE,                )
                                    )
              Petitioner,           )
                                    )
v.                                  )        Nos.:  3:22-CV-75-TAV-JEM
                                    )               3:19-CR-184-TAV-JEM-1
UNITED STATES OF AMERICA,           )
                                    )
              Respondent.           )

**MEMORANDUM OPINION**

Petitioner Timothy Lamar House has filed a motion to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255 [Doc. 54; Case No. 3:22-cv-75, Doc. 1].[1]  In his

memorandum filed in support [Doc. 55; Case No. 3:22-cv-75, Doc. 2], he presents several

claims, including the knowing and voluntary nature of his guilty plea and the effectiveness

of his trial counsel.  The government has responded in opposition to petitioner's § 2255

motion [Case No. 3:22-cv-75, Doc. 7], and petitioner replied [Case No. 3:22-cv-75,

Doc. 8].  Because, based on the record, it plainly appears that petitioner is not entitled to

relief, it is not necessary to hold an evidentiary hearing,[2] and petitioner's § 2255 motion

[Doc. 54; Case No. 3:22-cv-75, Doc. 1] will be **DENIED**.

_____

    [1]  All docket citations refer to the underlying criminal case unless otherwise indicated.

    [2]  An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record
conclusively show that the prisoner is not entitled to relief.  *See* 28 U.S.C. § 2255(b).  It is the
prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence.
*See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  Accordingly, where "the record
conclusively shows that the petitioner is entitled to no relief," a hearing is not required.  *Arredondo
v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks omitted).

## I. Background

On November 12, 2020, petitioner pleaded guilty to being a previously convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) [Docs. 26, 31]. In the plea agreement, petitioner agreed that he had read the indictment, discussed the charges and possible defenses with his counsel, and understood the crimes charged [Doc. 26, ¶ 2]. As part of the factual predicate for the plea agreement, petitioner agreed that he told and showed officers that he had a gun and ammunition, and he admitted that he knew he was a felon who had served at least 15 years of his adult life in prison [*Id.* at ¶¶ 3(b)–(c)]. Defendant also acknowledged that, by pleading guilty, he was giving up several rights, including the right to have the burden of proof placed on the government to prove him guilty beyond a reasonable doubt [*Id.* at ¶ 4(d)].

In consideration for the concessions the government made in the plea agreement, petitioner agreed to waive his rights to file a direct appeal, unless appealing a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater [*Id.* at ¶ 9(a)]. Further, petitioner agreed to waive his right to file any motion pursuant to § 2255 or otherwise collaterally attack his conviction or sentence, unless based on grounds of prosecutorial misconduct or ineffective assistance of counsel [*Id.* at ¶ 9(b)].

The presentence investigation report ("PSR") calculated petitioner's total offense level as 30, based on a Chapter Four Enhancement for being an Armed Career Criminal with at least three prior convictions for a violent felony and/or serious drug offense, and a

three-level reduction for acceptance of responsibility [Doc. 36, ¶¶ 29–32]. With a criminal history category of IV, the PSR calculated petitioner's advisory guideline range as 135 to 168 months' imprisonment [*Id*. at ¶¶ 48–49, 65]. However, due to petitioner's status as an Armed Career Criminal, his restricted guideline term of imprisonment was calculated as 180 months [*Id.* at ¶ 65]. Petitioner did not object to the PSR [Doc. 37], and the Court adopted the PSR without change [Doc. 51, p. 1]. The Court ultimately imposed a sentence of 102 months' imprisonment, which was below the mandatory minimum term of imprisonment [Doc. 50, p. 2]. The Court determined that the mandatory minimum did not apply based on petitioner's substantial assistance [Doc. 51, p. 1].

In his § 2255 motion, petitioner first argues that he was deprived of his right to the effective assistance of pretrial counsel under the Sixth Amendment to the U.S. Constitution. Specifically, he complains that his counsel failed to (1) communicate with him about the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; (2) conduct an adequate and independent pretrial investigation; and (3) attempt to negotiate a favorable plea agreement [Doc. 55, p. 2; Case No. 3:22-cv-75, Doc. 2, p. 2]. In addition, petitioner argues that he was deprived of his right to the effective assistance of counsel at sentencing because his counsel failed to (1) properly discuss and explain the PSR to him prior to sentencing and (2) file substantive objections to the PSR [Doc. 55, p. 2; Case No. 3:22-cv-75, Doc. 2, p. 2]. Petitioner also argues that his plea of guilty was not knowing and voluntary due to the alleged ineffective

assistance that he received from his counsel [Doc. 55, p. 17; Case No. 3:22-cv-75, Doc. 2, p. 17].

The government responds that petitioner's constitutional challenges are without merit because he has not satisfied *Strickland*'s two-part test with respect to any of his ineffective assistance of counsel claims [Case No. 3:22-cv-75, Doc. 7, p. 3]. As to his claims that his counsel failed to conduct further investigation, the government argues that petitioner has not identified any case law that counsel should have researched nor identified any witnesses that counsel should have interviewed, without which he cannot show that such information would have altered the outcome of the case [*Id.* at 3]. In addition, the government points to the admissions that petitioner made in his plea agreement regarding his knowledge about the gun and ammunition and the location of those items [*Id.* at 4].

As to petitioner's claim that counsel was ineffective during plea negotiations, the government contends that counsel's advice was correct in that a defendant who pleads guilty is eligible for a three-level reduction for accepting responsibility, and a defendant who renders substantial assistance to the government can obtain a sentence below the otherwise applicable mandatory minimum, as petitioner received in this case [*Id.* at 4–5]. The government states that had he not taken a plea agreement, petitioner's conviction at trial would have been extremely likely due to the evidence that he knowingly possessed a firearm and ammunition at his home, and he would have received a term of imprisonment of no less than 180 months' imprisonment [*Id.* at 5]. The government further contends that petitioner cannot establish that he was entitled to a different or better plea agreement [*Id.*].

4

The government also points to petitioner's answers at the plea colloquy as to the factual basis contained in the plea agreement, whether anyone had coerced or induced him into pleading guilty, and whether he was pleading guilty because he was, in fact, guilty [*Id.*].

Finally, as to petitioner's claim that counsel was ineffective regarding sentencing, the government states that petitioner has not identified anything specific that counsel failed to discuss or explain [*Id.* at 6]. It points to the Court's colloquy at sentencing, where petitioner was asked whether he had reviewed the PSR and discussed it with counsel, and states that his claims contradict his prior sworn statements in open court [*Id.*]. The government argues that an objection to whether petitioner was innocent of any firearms offense was irrelevant where petitioner had already pleaded guilty to knowingly possessing a firearm and ammunition as a felon [*Id.*]. Moreover, the government states that the term "serious drug felony" of the First Step Act is wholly unrelated to the Armed Career Criminal classification, and petitioner's counsel cannot be found constitutionally ineffective for declining to raise an objection on this ground [*Id.* at 6–7]. The government further argues that petitioner had seven qualifying predicate offenses supporting his Armed Career Criminal classification, and he does not dispute that his burglary conviction was a violent felony within the meaning of 18 U.S.C. § 924(e)(2) [*Id.* at 8].

In petitioner's reply, he first states that the government ignored his claim regarding the lack of communication between he and his attorney [Case No. 3:22-cv-75, Doc. 8, p. 2]. He next contends that the factual basis in the plea agreement is inaccurate, and instead of advising him to reach a plea agreement, his counsel should have investigated the location

5

of the weapon and the ammunition, determined the owner of the weapon, and requested bodycam footage [*Id.* at 3]. He also suggests that his attorney could have requested fingerprint testing to prove that the firearm was not his and that he did not have knowledge about the location of the ammunition [*Id.* at 5]. He argues that had his counsel properly investigated these facts, there is a reasonable probability that he would not have pleaded guilty and would have proceeded to trial where he would have been acquitted [*Id.* at 4–5].

Petitioner further contends that he was forced to trust and rely on his attorney's advice [*Id.* at 5–6]. He also states that his attorney failed to calculate and give a reasonable estimate of his sentence if he pled guilty or proceeded to trial [*Id.* at 5]. He states, "With regard to an estimate as to the sentence he would receive if he proceeded to trial compared to the sentence he would receive if he pleaded guilty, the sentence would likely have been the same" [*Id.*]. He further contends that his acceptance of responsibility for pleading guilty did not have any consequence on his final sentence due to the mandatory minimum sentence [*Id.* at 6].

As to petitioner's classification as an Armed Career Criminal, petitioner argues that if his attorney had negotiated with the government as to the Armed Career Criminal enhancement, his sentence would have been significantly less harsh [*Id.* at 6]. He states that his attorney's failure to object increased his mandatory sentence from 10 years imprisonment to a mandatory minimum of 15 years, and he was prejudiced by the 102-month sentence he received [*Id.* at 8]. Petitioner notes that because *pro se* pleadings should

6

be liberally construed, the correct term is "serious drug offense," not "serious drug felony" [*Id.* at 6–7]. While petitioner states that he had six prior convictions that qualified as serious drug offenses, he also contends that he had only one prior serious drug offense [*Id.* at 7–8]. He lays out the facts underlying his burglary conviction to argue that it was not a violent felony, and he asserts that any convictions that were not used to label him as an Armed Career Criminal have been "waived" as qualifying predicates [*Id.*].

## II.    Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal, *United States v. Frady*, 456 U.S. 152, 166 (1982).

## III.     Analysis

### A.     Knowing and Voluntary Plea

Petitioner contends that his guilty plea was involuntary and uninformed, and as a result, his conviction should be vacated so that he may plea anew. To be knowing and voluntary, a guilty plea "must be made with knowledge of the relevant circumstances and likely consequences" of the plea. *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994) (internal quotation marks omitted). However, "[t]he defendant need only be aware of the direct consequences of the plea," and "the trial court is under no constitutional obligation to inform the defendant of all the possible collateral consequences of the plea." *Id*.

Petitioner makes several allegations throughout his motion that he was "forced" to trust and rely on his attorney's advice and that his attorney "push[ed]" him to plead guilty, ultimately leading to an involuntary and uninformed plea [Doc. 55, pp. 12, 15, 17, 19–20]. However, pursuant to Federal Rule of Criminal Procedure 11, and the Court's standard practice, petitioner was asked under oath at his change of plea hearing whether *any person* had put any pressure on him to force him to plead guilty. Because petitioner did not inform the Court of any of these concerns at the hearing, the Court deemed his ultimate guilty plea knowing and voluntary and accepted his plea [*See* Doc. 31].

"Solemn declarations in open court carry a strong presumption of verity[,]" and "[t]he subsequent presentation of conclusory allegations . . . is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court finds that, given his statements

8

at his plea hearing, petitioner's claims that his attorney forced or pushed him to plead guilty are wholly incredible. Thus, the Court finds that, in the alternative, petitioner's claims that his plea was not knowing and involuntary are meritless, and will, therefore, be **DENIED**.

### B.    Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel are cognizable under § 2255. *Massaro v. United States*, 538 U.S. 500, 508–09 (2003). A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must identify specific acts or omissions to prove that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 687–88, 690. Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 617–18 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (providing that a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance").

Second, a petitioner must also establish "a reasonable probability that, but for counsel's [acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). Because a petitioner "must satisfy *both* prongs [of *Strickland* to obtain relief on an

9

ineffectiveness claim], the inability to prove either one of the prongs—regardless of which one—relieves the reviewing court of any duty to consider the other." *Nichols v. United States*, 563 F.3d 240, 249 (6th Cir. 2009) (en banc); *accord Strickland*, 466 U.S. at 697.

Ultimately, the Court finds that each of petitioner's claims of ineffective assistance of counsel as to his guilty plea and sentencing, discussed *infra*, fail on at least one of the *Strickland* prongs.

First, as to his claims that counsel misadvised him, or failed to advise him, as to various matters relating to his guilty plea, the Court notes that "[o]ftentimes, federal courts . . . reject claims of ineffective assistance of counsel related to a defendant's guilty plea when the guilty plea is knowing and voluntary[.]" *Laughlin v. United States*, No. 2:17-cv-85, 2020 WL 906659, at *6 (E.D. Tenn. Feb. 25, 2020) (collecting cases). The Court previously determined that petitioner's guilty plea was knowing and voluntary, and therefore, the Court finds that such is sufficient to deny these claims, to the extent that petitioner intended them as ineffective assistance claims.

Nevertheless, such claims also fail because petitioner has not alleged any prejudice. Although he alleges that, had he been properly advised, he would not have pleaded guilty, and instead, would have insisted on proceeding to trial, he has not shown that the outcome would have been different. In fact, petitioner states, "With regard to an estimate as to the sentence he would receive if he proceeded to trial compared to the sentence he would receive if he pleaded guilty, the sentence would likely have been the same" [Case No. 3:22-cv-75, Doc. 8, p. 5].

10

Moreover, petitioner contends that he was prejudiced by the 102-month sentence he received. He states that his attorney advised him that if he did not plead guilty, then he would be forced to proceed to trial, would lose at trial, and would receive a significantly harsher sentence. However, as the government has argued, the advice of petitioner's attorney was accurate and did not prejudice petitioner. The government has explained that had petitioner gone to trial, conviction would have been extremely likely due to the evidence that he knowingly possessed a firearm and ammunition in his home, and he would have received a term of imprisonment of no less than 180 months. Thus, it is unclear how petitioner suffered prejudice when his attorney properly advised him as to the potential outcome of proceeding to trial and ultimately secured him a sentence below the mandatory minimum through a plea agreement. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). Accordingly, the Court finds that petitioner has not established prejudice as to these claims, and the claims will therefore be **DENIED**.

Next, petitioner claims that counsel was ineffective in failing to research and investigate the case. "[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome." *United States v. Birdsong*, No. 5:16-016, No. 5:19-191, 2019 WL 4696410, at *2 (E.D. Ky. Sept. 26, 2019) (internal quotation marks omitted). Petitioner alleges that his counsel should have (1) researched case law, (2) moved

the Court for a private investigator, (3) conducted investigation and interviewed witnesses, (4) requested fingerprint testing and bodycam footage, and (5) investigated the location and owner of the weapon and the ammunition. Petitioner contends that taking these steps would have revealed that he was not the owner of the weapon and ammunition, that the weapon and ammunition were not at his residence during the execution of the search warrant, and that he had no knowledge of their presence.

The Court finds that these statements are largely conclusory, and petitioner has failed to explain how such research or investigation would have impacted the outcome of this case. As the government has indicated, the issue of whether petitioner *owned* the gun and ammunition is irrelevant when the actual issue is whether he knowingly *possessed* these items as a felon in violation of 18 U.S.C. § 922(g). In addition, petitioner does not indicate how any investigation into these matters would have changed the factual basis contained in his plea agreement where he admitted to having guns, showing officers the location of the gun and ammunition, and knowing that he was a felon who had served at least 15 years of his adult life in prison. Petitioner also waived the right to have the burden of proof placed on the government, and he admitted under oath at his change of plea hearing that he agreed with all the facts outlined in his plea agreement. Again, these "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Therefore, petitioner has not established prejudice as to this claim, and his claim will be **DENIED**.

12

Petitioner further contends that his counsel failed to attempt to negotiate a favorable plea agreement. Petitioner's arguments as to this claim pertain to his counsel's failure to properly advise him about his case. However, the Court has already determined, *supra*, that petitioner's counsel accurately advised him about the consequences of proceeding to trial as opposed to signing a plea agreement. Petitioner was advised, and the government has confirmed, that in the absence of a plea agreement, petitioner would have been facing a likely conviction at trial and at least 180 months' imprisonment. Ultimately, petitioner's attorney was able to secure a plea deal for him of 102 months' imprisonment, which was 78 months less than the mandatory minimum. Therefore, petitioner has not established prejudice as to this claim, and his claim will be **DENIED**.

Petitioner additionally raises two claims of ineffective assistance relating to his sentencing hearing, specifically, that counsel failed to (1) discuss and explain the PSR with him before sentencing and (2) failed to file substantive objections to (a) petitioner's firearm conviction in this case and (b) petitioner's predicate offenses underlying the Armed Career Criminal enhancement [Doc. 55, p. 22; Case No. 3:22-cv-75, Doc. 2, p. 22].

First, per the Court's usual practice, petitioner's claim that he did not review the PSR with counsel prior to sentencing is undercut by his acknowledgement at the sentencing hearing that he did, in fact, review the PSR with counsel prior to the hearing. And, again, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*, 431 U.S. at 74. Moreover, petitioner has not alleged what prejudice he suffered as a result

13

of counsel's failure to review the PSR with him prior to sentencing. Therefore, petitioner has not established prejudice as to this claim, and his claim will be **DENIED**.

As to counsel's failure to object to the firearm conviction at issue in this case, the Court agrees with the government that counsel would have had no grounds to raise such an objection when petitioner had already pleaded guilty to the offense at the time of sentencing. And "[t]he failure to raise a meritless claim does not constitute ineffective assistance of counsel." *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020).

As to counsel's failure to object to the predicate offenses underlying the Armed Career Criminal enhancement, petitioner maintains that his counsel failed to challenge three predicate offenses for the possession of cocaine that occurred between 1991 and 1995 [Doc. 55, p. 22; Case No. 3:22-cv-75, Doc. 2, p. 22]. The government points out that petitioner has seven qualifying predicate offenses, and petitioner does not dispute that his burglary conviction was a violent felony within the meaning of 18 U.S.C. § 924(e)(2). In petitioner's reply, he states that he had six qualifying prior convictions that count as serious drug offenses. However, he also states that he is challenging his burglary conviction as a violent felony and that he had only one prior serious drug offense. To make matters more confusing, petitioner further contends that he is challenging only "the convictions used to deem him as an ACCA offender," and "[o]nce the government used those three conviction[s], the other convictions were waived as qualifying predicates" [Case No. 3:22-cv-75, Doc. 8, p. 8].

14

The Court is uncertain how petitioner reaches the conclusion that after three convictions were used to deem him an Armed Career Criminal, the rest were "waived" as qualifying predicates. All prior convictions that qualify petitioner as an Armed Career Criminal remain qualifying predicates that can be used for the purpose of an enhancement, although only three are needed for the enhancement to apply. *See United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013). Nonetheless, the Court construes petitioner's statement that he is challenging "the convictions used to deem him as an ACCA offender" to mean that he is only challenging those three convictions listed in his original memorandum supporting his § 2255 motion [*See* Doc. 55, p. 22; Case No. 3:22-cv-75, Doc. 2, p. 22], and he does not challenge any of the other convictions because they were "waived" according to petitioner.

Under the Armed Career Criminal Act, only three predicate offenses are needed to receive an enhancement. *See* 18 U.S.C. § 924(e). In his motion, petitioner has challenged only three of the seven convictions that could have been used to label him as an Armed Career Criminal and make him eligible for an enhancement [*See* Doc. 36, ¶¶ 38, 40–42, 44]. Thus, the fact that petitioner's counsel did not object to three of the seven predicate offenses would not have changed the outcome of petitioner being labeled an Armed Career Criminal and receiving an enhancement.

Even if the Court accepts petitioner's argument made in his reply brief that he is also objecting to the burglary conviction as a violent felony, he has not raised a proper legal

15

challenge to this conviction. In support of his argument, petitioner has laid out the underlying facts of his burglary conviction to argue that the conviction was not a violent felony [Case No. 3:22-cv-75, Doc. 8, p. 7]. However, the underlying facts of a conviction are not determinative of whether the conviction counts as a predicate offense. *See Descamps v. United States*, 570 U.S. 254, 267 (2013) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)) (stating that sentencing courts are to look only at convictions falling within certain categories, not at the facts underlying the convictions). Therefore, if petitioner's counsel had raised an objection to the burglary conviction on this basis, the objection would have been meritless and would not have changed the outcome of the case. As a result, petitioner has not demonstrated prejudice. For these reasons, petitioner's claims regarding his sentencing hearing will be **DENIED**.

## IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside, or correct sentence [Doc. 54; Case No. 3:22-cv-75, Doc. 1] will be **DENIED,** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial

16

of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C.

§ 2253; Fed. R. App. P. 22(b).  A separate judgment will enter.

      IT IS SO ORDERED.


            s/ Thomas A. Varlan_____
            UNITED STATES DISTRICT JUDGE